James G. Hunt
Jonathan McDonald
DIX, HUNT & McDONALD
310 Broadway
Helena, MT  59601
Telephone:  (406) 442-8552
Facsimile:  (406) 495-1660

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| WILLIAM C. MURRAY,<br><br>    Plaintiff,<br><br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Cause No._____<br><br><br>**COMPLAINT** |
|---|---|

### INTRODUCTION

This action seeks redress for personal injuries sustained by Plaintiff as a result of substandard medical care he was provided by the Department of Veterans Affairs medical system.  This substandard medical care resulted in renal failure as well as other physical and emotional problems which forced Plaintiff to discontinue working and caused him damages.  This complaint alleges negligence.  Plaintiff, William C. Murray, alleges as follows:

### JURISDICTIONAL STATEMENT

1.  This is an action against the United States of America, brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et seq., for negligence and

medical malpractice in connection with the Department of Veterans Affairs' care of Plaintiff.  The medical malpractice was caused by the negligent acts and omissions of employees of the United States government while acting in the scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to Plaintiff in accordance with the laws of the State of Montana.  This Court has jurisdiction over this matter per 28 U.S.C. §1346(b).

2.  Venue is proper per 28 U.S.C. § 1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the District of Montana, and arose from medical care provided within Montana by the Department of Veterans Affairs medical system.  Plaintiff is a resident of Park County, Montana.

3.  Plaintiff has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act.

4.  This suit has been timely filed, in that Plaintiff timely served notice of his claims on the Department of Veterans Affairs and the claim was administratively declined by letter dated April 2, 2012.

## PARTIES

5.  Plaintiff William C. Murray is a veteran of the United States armed forces and receives medical care from the Department of Veterans Affairs medical system.  He is a resident of the State of Montana, he presently resides in or near Livingston, Montana, and has resided there at all times relevant to this action.

6.  The Department of Veterans Affairs is an agency of the United States of America.  It is headquartered in Washington, D.C. and has offices and facilities throughout the United States, including in Montana.  It exists to provide medical care and federal benefits to veterans of the armed forces and veterans' dependents.  The Department facilitates this by employing medical professionals to provide medical care and treatment to veterans, including Plaintiff.

## FACTS

7. This claim arises from the failure of Defendant and its employees to properly monitor Plaintiff after Defendant's prescription of medications known to cause renal failure when prescribed in concert.

8. Plaintiff was seen at the Defendant's primary care clinic in Belgrade, Montana, on November 30, 2007, for treatment of his diabetes and chronic ankle pain.  At the time of that visit, Plaintiff was prescribed and chronically used medications, including lisinopril, metformin and glipizide.  Plaintiff's use of these medications was documented in his medical file maintained by Defendant.

9. At that appointment on November 30, 2007, Defendant's employee, a nurse practitioner, prescribed 75 mg of diclofenac, a non-steroidal anti-inflammatory drug, for ankle pain.  The nurse practitioner ordered the diclofenac be taken twice per day.  At the time the diclofenac was first prescribed on November 30, 2007, Plaintiff's baseline renal function was normal with a creatinine of 1.2.

10. Plaintiff returned to the Defendant's facility on January 16, 2008, at which time he saw a different employee of Defendant, a physician's assistant.  At the January 16, 2008, appointment, Plaintiff continued to complain of ankle pain and Defendant continued to prescribe diclofenac.  Renal function was not tested on January 16, 2008.

11. Over the ensuing six months, between January 2008 and July 2008, Plaintiff was seen at Defendant's facility a total of five times.  During that time, no follow-up laboratory studies were ordered despite the ongoing prescription of diclofenac and metformin and an increase in his lisinopril dose from 10 mg to 40 mg daily.

12. In July 2008, Plaintiff was preparing to undergo a corrective ankle surgery.  As part of routine pre-operative testing, laboratory studies performed by

Defendant showed Plaintiff was in acute renal failure with elevated creatinine levels of 6.6.

13.  Plaintiff was immediately transferred and admitted to Defendant's facility at Fort Harrison Veterans Hospital in Helena, Montana, where he underwent fluid replacement therapy.  Plaintiff was subsequently transferred to Defendant's facility at the Salt Lake City Veteran's Hospital in Utah for nephrological care.

14.  At the Salt Lake City, Utah facility, Plaintiff underwent a renal biopsy that revealed acute interstitial nephritis, along with earlier diabetic injury.  The consulting nephrologist, also an agent or employee of Defendant, opined the most likely cause of Plaintiff's renal failure was diclofenac-induced acute interstitial nephritis.

15.  While hospitalized at Defendant's facility in Salt Lake City, Plaintiff's renal failure improved but his creatinine levels remained elevated.  He was eventually released and remains under Defendant's care for chronic renal failure.

16.  Plaintiff suffers from the effects of chronic renal insufficiency as a result of the diclofenac-induced acute interstitial nephritis.  His chronic physical symptoms include fatigue, irritability and problems with depression.  He is no longer an orthopaedic surgical candidate and cannot get his ankle repaired.  Plaintiff's renal damage is permanent and his renal function remains impaired.

## COUNT I – NEGLIGENCE

Plaintiff realleges and incorporates by reference herein each and every allegation set forth above and, in addition thereto, alleges the following:

17.  When providing medical care to patients, the Defendant and its employees have the duty to use such skill, prudence and diligence as other medical doctors practicing in the same field of medicine.  This level of skill, prudence and diligence is the standard of care.

18. Diclofenac is a known nephrotoxic agent. There are risks associated with the use of diclofenac and those risks increase when combined with other drugs typically used to treat diabetic patients.

19. In treating Plaintiff, the medical standard of care requires adequate monitoring of diabetic patients who are taking the prescription medications prescribed to Plaintiff by Defendant and its employees. Laboratory testing, including renal function, is indicated shortly after the addition of a nephrotoxic agent to a patient's regimen of prescription medications. No such testing took place here. In addition, periodic testing of renal function is required. No such testing took place here.

20. The failure of Defendant and its employees to abide by accepted medical standards regarding the monitoring of Plaintiff caused Plaintiff's renal failure and chronic kidney damage.

21. Had Defendant and its employees adhered to the standard of care for the medical monitoring of Plaintiff, renal failure could have been averted by alerting Defendant's employees to decreased renal function and/or increased creatinine levels prior to July 2008.

22. Alternatively, Defendant's negligent conduct aggravated Plaintiff's underlying and pre-existing renal problems to a significant but unapportionable extent and/or it further deprived him of a chance of a better, benign outcome from this underlying, pre-existing condition.

23. As a result of the negligence of Defendant and its employees, Plaintiff has suffered and continues to suffer bodily and mental injuries, and has sustained and will sustain in the future, medical expenses, lost wages, pain and suffering, loss of established course of life, and other associated damages and compensable injuries.

## ADVISORY JURY REQUESTED

24.  Plaintiff requests the Court empanel an advisory jury in this matter per F.R.Civ.P. 39©.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For all general, special, and compensatory damages in an amount the Court believes just.
2. For all costs and expenses of suit as allowed by law.
3. For attorneys' fees as allowed by law.
4. For such further relief which to this Court may seem just and equitable.

DATED this 19th day of April, 2012.

DIX, HUNT & McDONALD


BY:     /s/ Jonathan McDonald
       JONATHAN McDONALD,
       *Attorneys for Plaintiff*